PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Successor Trustee under a Mortgage Made by Harriman Building Corporation to American Trust Company (of New York) as Trustee, Plaintiff, v. HARRIMAN BUILDING CORPORATION et al., Defendants.

Supreme Court, Additional Special Term, New York County, September 8, 1944.

*Root, Clark, Buckner & Ballantine* for plaintiff.

*Clark, Carr & Ellis* for Harriman Building Corporation, defendant.

*Wagner, Quillinan, Wagner & Tennant* for 39 Broadway, Inc., defendant.

*Hoffman & Hoffman* for 39 Broadway Building Bondholders' Protective Committee.

BOTEIN, J. This is a motion to confirm the report of the Referee appointed to take proof as to the fair and reasonable value of the premises on the day of foreclosure in connection with a motion by plaintiff for leave to enter a deficiency judgment. The minutes of the hearings and the well-reasoned report indicate that the Referee gave painstaking and fair consideration to all elements of value.

The two major objections asserted by the opposing defendant are not persuasive. It first argues that section 1083-a of the Civil Practice Act is an " intrinsic value " statute, and under it reproduction cost, less depreciation, is to be given principal weight in evaluating buildings which are adequate improvements.

The Referee gave ample consideration to the depreciated reproduction cost of the property. He heard testimony in that regard as presented by both parties, discussed this aspect comprehensively in his report, and actually made a finding based upon this method of valuation which seems sound and reasonable. The testimony of the respective experts was widely divergent. In fact, the valuation which the defendant sought to establish for this property on the basis of its depreciated reproduction cost was so greatly in excess of its value as an investment that it tended to reduce its probative weight. The mortgaged land and building constitute an investment property, and not a so-called specialty property. In this respect, the

language used by Chief Judge LEHMAN in *People ex rel. Parklin Operating Corp.* v. *Miller* (287 N. Y. 126, 130) is apt: " * * * * we also know that an investor will not pay more for an income-producing property than the amount for which he could acquire at less cost property which would with equal certainty produce an equal income, either by purchase in the open market or by purchasing unimproved property and erecting upon it a similar improvement."

The defendant's second objection is likewise untenable. In arriving at a valuation of the property on a capitalization-of-income basis, the Referee was reasonably optimistic in his estimate of potential or prospective rentals, and followed a fair rate of return on land and building.

In establishing a depreciation rate of 2% in connection with the capitalization process, the Referee envisaged a remaining economic life of fifty years for the building, which is longer than the estimates of the experts. He properly did not report that in the course of the reorganization proceedings relating to this property the former fee owner made an offer to contribute $115,000 in cash for an equity interest in the premises. This offer stemmed from special circumstances which remove any weight it might have in establishing value. The referee in the reorganization proceedings stamped the offer as part of a scheme to extend the profitable management contract of an affiliate of the former equity owner.

Accordingly, the motion to confirm the Referee's report is in all respects granted.

I direct that a deficiency judgment be entered herein in favor of the plaintiff against the defendant Harriman Building Corporation in the amount of $1,627,362.22 with interest from December 31, 1943, and adjudge the defendant Harriman Building Corporation to be liable for the cost of the stenographic minutes in the amount of $773.75 and for the compensation of the Referee. Settle order, making provision therein, among other things, for the compensation of the Referee.